IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA. | : | Case No. 3:00-cr-32 (3) |
| Plaintiff, | : | Judge Walter H. Rice |
| vs. | : | |
| NORMAN SOSA-RAMIREZ | : | |
| Defendant. | : | |

**DECISION AND ENTRY OVERRULING MOTION FOR EXPUNGMENT (DOC. #101); REASONING SET FORTH**

With regret, and with sincere congratulations on his effort to move forward as a law abiding, contributing citizen, this Court finds it has no choice but to overrule the Defendant's *pro se* motion seeking expungement of his criminal conviction. Sadly, the federal justice system does not have an expungement statute, as does Ohio and most other states.

The most comprehensive recent examination of federal expungement by the United States Court of Appeals for the Sixth Circuit came in *United States v. Field*, in which the court held that a district court may exercise ancillary jurisdiction to expunge a conviction. 756 F.3d 911, 914-15 (6th Cir. 2014), quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994); *accord: United States v. Carey*, 602 F.3d 738, 740 (6th Cir. 2010) ("An order on a motion to expunge a conviction is within the equitable jurisdiction of the federal district court.").

However, the scope of a district court's authority is limited: "federal courts lack ancillary jurisdiction over motions for expungement based on purely equitable considerations yet retain ancillary jurisdiction over motions challenging an unconstitutional conviction." *Field* at 916. A district court may expunge a conviction under its ancillary jurisdiction only when the arrest or conviction itself was illegal at the time it occurred, when the law under which a defendant was convicted was found to be unconstitutional, or to correct a clerical error. *Id.* at 915-16 (citations omitted).[1] Such exercise is consistent with a district court's ability to exercise limited jurisdiction to "manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* at 916.

DATE: August 17, 2026

Walter H. Rice

**WALTER H. RICE**
**UNITED STATES DISTRICT JUDGE**

[1] In very limited circumstances, federal statutes authorize expungement of DNA records or convictions for simple drug possession by defendants under the age of twenty-one, and a district court may do so without resorting to ancillary jurisdiction. *Field*, 756 F.3d at 915, citing 10 U.S.C. § 1565(e), 18 U.S.C. § 3607(c), 34 U.S.C. § 12592(d). Such a situation does not present itself herein.